UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRIETTA AUSTIN | CIVIL ACTION |
| VERSUS | No.: 20-506 |
| CHC DEVELOPMENT II, LLC | SECTION: "J" (4) |

## **ORDER & REASONS**

Before the Court is a *Motion for Recusal* **(Rec. Doc. 7)** filed by Plaintiff, Henrietta Austin, along with a Suggestion of Recusal sent to directly to the Court by counsel for Plaintiff, John Courtney Wilson ("Mr. Wilson"). Having considered the motion and suggestion, the legal memorandum, the record, and the applicable law, the Court finds that the motion and suggestion should be **DENIED**.

## **FACTS AND PROCEDURAL BACKGROUND**

Both the motion for recusal and suggestion of recusal arise out of the same set of events. In brief, in a previous case, No. 11-1798, this judge denied a motion to enroll Mr. Wilson as Counsel of Record ("*Sandifer* Order"). *Sandifer v. Orleans Parish Government*, No. 11-1798 (E.D. La. Nov. 16, 2012) (Rec. Doc. 24). The *Sandifer* Order stated that "[b]ased on the Court's previous experience with Mr. Wilson, and Mr. Wilson's candid representation to the Court in a similar matter that he is not competent . . . Plaintiff's motion [to enroll] is hereby DENIED." *Id.*

This was the second time Mr. Wilson had attempted to enroll in *Sandifer*. Mr. Wilson's initial attempt at enrolling was denied because Mr. Wilson informed the

Court he had a conflict with the already scheduled trial date. *Sandifer*, No. 11-1798 (E.D. La. Sept. 17, 2012) (Rec. Doc. 17). Mr. Wilson now seeks this judge's recusal on the grounds that the second denial of enrollment, the November 16, 2012 order, is evidence of a lack of impartiality under 28 U.S.C. 455(a) and of bias or prejudice under 28 U.S.C. 144.

## **LEGAL STANDARD**

Section 455(a) mandates recusal "in any proceeding in which [the judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The Supreme Court has explained that § 455(a) is "evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). However, the appearance of partiality is determined from the viewpoint of a "well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003) (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). Also, "review should entail a careful consideration of context, that is, the entire course of judicial proceedings, rather than isolated incidents." *Id.* (citation omitted). "Finally, the origin of a judge's alleged bias is of critical importance." *Id.* Under the so-called "extrajudicial source doctrine," "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Litkey*, 510 U.S. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that

2

would make fair judgment impossible." *Id.* "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display," do not establish bias or partiality. *Id.* at 555-56.

Section 144 "applies only to charges of actual bias." *Henderson v. Dep't of Pub. Safety & Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Under Section 144, a litigant may provide an affidavit stating with peculiarity the facts indicating the presiding judge's bias or prejudice. If the affidavit is found to be legally sufficient then another judge shall be assigned to the proceeding. 28. U.S.C. 144.

A judge considering a section 144 motion must "pass on the legal sufficiency of the affidavit but may not pass on the truth of the matter alleged." *Henderson*, 901 F.2d at 1296 (citation omitted). For an affidavit to be legally sufficient it must meet three requirements: "(1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature." *Id.* The bias must be "personal bias and prejudice against the party or in favor of the adverse party." *Parris v. Board of Com'rs of Alabama State Bar*, 524 F.2d 98, 100 (5th. Cir. 1975).

**DISCUSSION**

I. **Section 455(a) Does Not Necessitate Recusal in This Case**

Plaintiff argues that this judge's statement regarding Mr. Wilson's competency in the *Sandifer* Order would make a reasonable person think this judge will deem

3

every filing submitted by Mr. Wilson in the present case to be incompetent. This judge disagrees.

Plaintiff's sole basis for recusal is the *Sandifer* Order, which of course is a judicial ruling. As such, it is subject to the extrajudicial source doctrine, and it would require extraordinary circumstances indicating a deep-seated antagonism in order for this judge's ruling in *Sandifer*, on its own, to warrant recusal. *Litkey*, 510 U.S. at 555. There is nothing contained within the *Sandifer* Order that indicates this judge is unable to neutrally evaluate documents and arguments prepared by Mr. Wilson.

Furthermore, Plaintiff's request for Section 455(a) recusal fails to consider the entire context of the judicial proceeding, most notably the fact that Mr. Wilson's initial request to enroll in the *Sandifer* case was denied due to his own admission of a scheduling conflict. *Sandifer*, No. 11-1798 (E.D. La. Sept. 17, 2012) (Rec. Doc. 17). Crucially, Plaintiff gives no examples of this judge ever discounting a motion or an argument contained therein solely because it was proffered by Mr. Wilson.

Although a recusal under Section 455 is governed by the objective lack of impartiality and not examples of actual bias, the solitary nature of Plaintiff's complained about incident makes it more likely that no "well-informed, thoughtful, objective observer" would think this judge's denial of Mr. Wilson's enrollment in *Sandifer* renders this judge unable to adjudicate the present case with impartiality. *Andrade*, 338 F.3d at 455.

The bulk of Plaintiff's Section 455(a) recusal request is devoted to attacking the correctness of this judge's enrollment denial in *Sandifer*. (Rec. Doc. 7-1). Such

arguments misunderstand the appropriate grounds for recusal. Whether the Court was correct in denying Mr. Wilson's Motion to Enroll in *Sandifer* is irrelevant to the question of whether the Court is able adjudicate the claims of Plaintiff without any bias or prejudice. *See Phillips v. Joint Legislative Committee on Performance and Expenditure Review of State of Miss.,* 637 F.2d 1014, 1020 (5th Cir. 1981).

For the foregoing reasons, this judge's recusal is not mandated by Section 455(a).

## II. SECTION 144 DOES NOT REQUIRE RECUSAL IN THIS CASE

The Court finds that, for essentially the same reasons recusal is not mandated under Section 455(a), recusal is not mandated under Section 144. Plaintiff's affidavit, taken entirely as true, is legally insufficient to evince the presence of actual bias. *See* Henderson, 901 F.2d at 1296. The affidavit contains "nothing pertaining to the parties or subject matter" of the present case. *Phillips*, 637 F.2d at 1121. The facts asserted in the affidavit pertain solely to this judge's allegedly erroneous decision to deny Mr. Wilson's enrollment in *Sandifer*. That alone would not lead a reasonable person to believe this judge is biased in the present case.

Additionally, recusal under section 144 must be based on personal, as opposed to judicial, bias. *Id.* at 1120. The *Sandifer* Order does not contain "gratuitous insults" or "overt hostility" such that personal bias can be inferred from a judicial order. *Id.* At most, taking everything stated therein as true, Plaintiff's affidavit indicates this judge abused his discretion when forbidding Mr. Wilson from enrolling in *Sandifer*. The proper mechanism for redressing an erroneous ruling or an abuse of discretion is

5

an appeal, not a motion for recusal. *Id.* As such, the Court finds that Plaintiff's affidavit for recusal under Section 144 is legally insufficient.

## **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's *Motion for Recusal* **(Rec. Doc. 7)** and Suggestion of Recusal are hereby **DENIED**.

New Orleans, Louisiana this 25th day of March, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE