UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HENRIETTA AUSTIN | CIVIL ACTION |
| VERSUS | NO: 20-506 |
| CHC DEVELOPMENT II, LLC | SECTION: "J"(4) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss for Failure to State a Claim* (Rec. Doc. 19) filed by Defendant, CHC Development II, LLC ("Defendant"), an opposition thereto (Rec. Doc. 20) filed by Plaintiff, Henrietta Austin ("Plaintiff"), and a reply filed by Defendant (Rec. Doc. 24). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's claims should be dismissed for reasons not addressed in Defendant's motion.

## FACTS AND PROCEDURAL BACKGROUND

On February 14, 2019, Plaintiff entered a Subway owned by Defendant. Plaintiff offered a religious message printed on a card to a Subway employee named Christopher Smith ("Mr. Smith"), who declined Plaintiff's offer. Another employee then accepted the religious card. After paying for her sandwich, Plaintiff sat down next to a window. The sun shining through the window began to irritate Plaintiff's eyes, so Plaintiff rubbed her eyes. Mr. Smith then approached Plaintiff from behind, tapped her shoulder, and asked if she was sleeping. After Plaintiff denied that she was sleeping, Mr. Smith asked her to leave. Plaintiff refused to leave, which led to a confrontation between Mr. Smith and Plaintiff, and Mr. Smith eventually called the

1

police, complaining that Plaintiff was sleeping inside the Subway and "preaching" to Mr. Smith. When the police arrived, Plaintiff was handcuffed and brought to a police vehicle, where she stayed until an ambulance arrived.

On February 22, 2020, Plaintiff filed the instant suit but named the wrong defendant. Plaintiff subsequently amended her complaint to add CHC Development II, LLC as the defendant. Plaintiff claims that Defendant engaged in conduct that discriminated against her on the basis of religion in violation of Title II of the Federal Civil Rights Act and the Louisiana Human Rights Act. In response to Plaintiff's amended complaint, Defendant filed the instant motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

When state law prohibits discriminatory conduct in public accommodations and provides a state or local authority to challenge the alleged discriminatory conduct, "no civil action may be brought [under Title II of the Civil Rights Act] ... before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person...." *Bell v. Daiquiris & Creams No. 8, Inc.*, No. CIV.A. 06-3197, 2008 WL 2355846, at *3 (E.D. La. June 6, 2008) (quoting 42 U.S.C. § 2000a–3(c)). The requirement to report the discriminatory conduct to a state or local authority before filing a claim under Title II of the Civil Rights Act is mandatory, not permissive. *Id.*

The Louisiana Human Rights Act prohibits discrimination on the basis of religion in public accommodations. La. R.S. 51:2447. When an individual seeks to file

a complaint of discrimination, they must first provide written notice to the Louisiana Commission on Human Rights. La. R.S. 51:225; *Bell*, 2008 WL 2355846, at *3. Plaintiff has not alleged that any such notice was filed with the Louisiana Commission on Human Rights. Therefore, Plaintiff's claims are premature and must be dismissed without prejudice.

"The district court has discretion to dismiss pendent state law claims, and may decline to exercise supplemental jurisdiction over such claims where it has dismissed claims over which it had original jurisdiction." *St. Germain v. Howard*, 556 F.3d 261, 263–64 (5th Cir. 2009). Since the Court has already found that Plaintiff's only federal claim must be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's related state law claims.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's claims are **DISMISSED** without prejudice.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE